IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clifton Donell Lyles, | ) | |
| | ) | |
| | ) | C/A No. 4:16-3188-TMC-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dental Assistant Angela Broach, | ) | |
| Nurse Herring, Lieutenant Lula | ) | |
| Miller; and Officer Hamby; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Clifton Donell Lyles, proceeding pro se, filed this action pursuant to 42 U.S.C. §

1983 on September 19, 2016. (ECF No. 1, Compl.).  In accordance with 28 U.S.C. § 636(b)(1) and

Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling.

Defendants filed a motion for summary judgment on January 23, 2017.  (ECF No. 20).  Before the

court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that the

court grant the motion for summary judgment as to Defendant Herring and deny it as to Defendants

Hamby, Miller, and Broach.  (ECF No. 31).  Plaintiff was advised of his right to file objections (ECF

No. 31-1), but he did not file any objections and the time to do so has now run.  Defendants timely

filed objections (ECF No. 37), and a motion to amend their answer to raise the defense of collateral

estoppel and/or issue preclusion (ECF No. 38).  Plaintiff did not file any response to Defendants'

objections or motion to amend, but rather filed a motion for the appointment of counsel (ECF No.

45).  Defendants filed a response opposing this motion (ECF No. 48).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In that case, the court reviews the Report only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Report, the Magistrate Judge recommends granting summary judgment as to Defendant Herring. Plaintiff did file any objections to this recommendation. Finding no clear error, the court adopts this part of the Report, and grants summary judgment to Defendant Herring.

 In his Report, the Magistrate Judge also recommends denying summary judgment as to the remaining Defendants Hamby, Miller, and Broach.  These  Defendants filed objections to this part of the Report, and also filed a motion to amend their answer to raise the defense of collateral estoppel/issue preclusion based on a state court action filed by Plaintiff in which judgment was entered on May 17, 2017, *Lyles v. South Carolina Department of Corrections*, C/A No. 2016-CP-40-5671.  (ECF No. 38-4).   These Defendants asked the court to consider the preclusive effect of the state court judgment and/or allow them to file a supplemental motion for summary judgment.

First, the court must address Defendants' motion to amend their answer.  After the deadlines set forth in a scheduling order have passed, the "good cause" standard of Federal Rule of Civil Procedure 16 must be satisfied.  *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295 (4th Cir. 2008); *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *3 (D. Md. July 24,

2012) ("[O]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)."). The "good cause" requirement of Rule 16(b) is unlike the more lenient standard of Rule 15(a) in that Rule 16(b) "does not focus on the bad faith of the movant, or the prejudice to the opposing party," but focuses on the diligence of the party seeking amendment. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C. 1997); *see also Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("[A] court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). "Good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. *Dilmar Oil Co.*, 986 F. Supp. at 980 (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990)); *In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litigation,* 19 F.3d 1429, 1994 WL 118475, at *11 (4th Cir. April 7, 1994) (unpublished) (finding good cause when facts were discovered after the amendment deadline); *see also* Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Dilmar Oil Co.*, 986 F. Supp. at 980.

Because it was only recently that a judgment was entered in the state court action, Defendants were unable to amend their answer to assert a collateral estoppel/issue preclusion defense by the December 22, 2016, which was the deadline set out in the Scheduling Order for the amendment of pleadings. Based on the foregoing, the court finds good cause for Defendants not to have timely moved to amend their answer. Moreover, as noted above, Plaintiff has not filed any opposition to the motion to amend. Accordingly, the court grants Defendants' motion to amend their answer. Defendants are to file their amended answer within ten days of the filing of this order.

After Defendants file their amended answer, the court will allow them to file an amended motion for summary judgment.

As to Plaintiff's motion to appoint counsel, the court denies the motion at this time. There is no constitutional right to have counsel appointed in a civil case. *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir.1984). The court has discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir.1971). However, the court may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir.1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basis factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir.1993) (quoting *Whisenant*, 739 F.2d at 163).

After review, the court finds that, at this time, this is not the type of case which presents factors that clearly reflect a need for the Plaintiff to have counsel appointed. The case itself does not appear atypically complex and the Plaintiff has shown himself more than able to represent his interests to this point in the lawsuit.

Accordingly, based on the foregoing, the court **GRANTS** Defendants' Motion to Amend (ECF No. 38); adopts in part the Magistrate Judge's Report (ECF No. 31); and **GRANTS** summary judgment as to Defendant Herring. The court declines to adopt the part of the Report which recommends denying summary judgment on the merits as to Defendants Hamby, Miller, and Broach. Instead, the court **DENIES without prejudice** Defendants Hamby, Miller, and Broach's Summary Judgment motion (ECF No. 20). Defendants are to file their amended answer within ten days of the filing of this order. Further, this action is recommitted to the Magistrate Judge for further pretrial handling. Additionally, the court **DENIES** Plaintiff's motion to appoint counsel

(ECF No. 45).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 31, 2017
Anderson, South Carolina


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.