IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clifton Donell Lyles, | ) | |
| | ) | C/A No. 4:16-3188-TMC-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dental Assistant Angela Broach, | ) | |
| Nurse Herring, Lieutenant Lula | ) | |
| Miller; and Officer Hamby; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Clifton Donell Lyles, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 on September 19, 2016. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Defendants Angela Broach, Lieutenant Lula Miller, and Officer Hamby (collectively "Defendants") filed an amended motion for summary judgment on August 16, 2017. (ECF No. 58).[1] Before the court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' amended motion for summary judgment. (ECF No. 69). Plaintiff timely filed objections to the Report. (ECF No. 71). Plaintiff has also filed a motion opposing the defense of collateral estoppel (ECF No. 59), and Defendants filed a response opposing this motion (ECF No. 62). Finally, Plaintiff also filed a motion seeking relief from a prior order pursuant to Fed. R. Civ. P. 60. (ECF No. 73). Defendants filed a response opposing this motion. (ECF No. 75).

The Report has no presumptive weight and the responsibility to make a final determination

---

[1] Defendant Nurse Herring was previously granted summary judgment, and she was dismissed from this action. (ECF No. 50).

in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his complaint, Plaintiff alleges claims for negligence, malpractice, and deliberate indifference to serious medical needs stemming from the alleged denial of dental care from December 2015 to June 2016. (ECF No. 1 at 2, 3-5). Defendants filed an amended motion for summary judgment alleging that Plaintiff's action is barred by collateral estoppel. (ECF No. 58).[2] Plaintiff filed a response opposing the motion (ECF No.65) and a separate motion opposing the defense of collateral estoppel or issue preclusion (ECF No. 59). Defendants filed replies (ECF Nos. 62 and 66, 67), and Plaintiff filed a sur-reply (ECF No. 68).

In his Report, the magistrate judge recommends granting Defendants' amended summary judgment motion. Defendants raise the defense of collateral estoppel/issue preclusion based on a state court action filed by Plaintiff in which judgment was entered on May 17, 2017, *Lyles v. South Carolina Dep't of Corrs.*, No. 2016-CP-40-5671. (ECF No. 38-4). In his objections, Plaintiff contends that the magistrate judge erred in finding the instant action is barred by collateral estoppel because he failed to address equitable estoppel; the claims in this action and the state action are not

---

[2]The court previously granted Defendants' unopposed motion to amend their answer to allege collateral estoppel (ECF No. 38). (ECF No. 50). Additionally, the court denied in part Defendants' then pending summary judgment motion (ECF No. 20) with leave to re-file an amended motion for summary judgment. (ECF No. 50 at 4).

the same; and there were numerous errors in the state action. Plaintiff also contends the magistrate judge erred in failing to address the remaining issues after he had determined that this action was barred by collateral estoppel.

First, Plaintiff contends that the magistrate judge erred in applying collateral estoppel because he contends that the claims in the instant action are not the same as those that he raised in his state lawsuit. The court disagrees.

Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action. *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). The doctrine bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *Id.* "[C]ollateral estoppel, or issue preclusion, is a subset of the general doctrine of res judicata and applies where a second action between same parties is based upon a different cause of action." *In re Prof'l Coatings (N.A.), Inc.*, 210 B.R. 66, 79 (Bankr. E.D. Va. 1997). *See also Noonan v. Stock Bldg. Supply, Inc.*, No. 4:08-2433-RBH, 2009 WL 302314, at *1 (D.S.C. Feb. 6, 2009) (explaining distinctions between res judicata and collateral estoppel).

Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Montana v. United States*, 440 U.S. 147, 153 (1979). Collateral estoppel "works to ensure that parties get 'one full and fair opportunity to litigate a particular issue, while preventing needless relitigation of that issue.'" *Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of Abandoned Steel*, 410 Fed. App'x 716, 720 (4th Cir. 2011) (*quoting In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1350 (Fed. Cir. 2008)).

3

"Where the prior proceeding that may make issue preclusion applicable is a state court proceeding, as here, the federal courts use the law of the state to determine if preclusion applies." *Ayers v. Cont'l Cas. Co.*, 2007 WL 1960613, *4 (N.D.W.Va. 2007) (citation omitted). Under South Carolina state law, the party asserting collateral estoppel must show that the issue of fact or law in the present lawsuit was: "(1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554 (S.C. Ct. App. 2009). "While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the issues." *Id.* (internal quotations omitted). A defendant can assert collateral estoppel against a plaintiff who had previously had a full and fair opportunity to litigate the relevant issue effectively in a prior action. *Graham v. State Farm Fire & Cas. Ins. Co.*, 287 S.E.2d 495, 496 (S.C. 1982).

In his response opposing the motion, Plaintiff concedes that he presented "the same facts in this federal action as he did in the state action." (ECF No. 65 at 2). However, citing *vonRosenberg v. Lawrence*, 849 F.3d 163 (4th Cir. 2017), he argues that the issues raised in the two actions are different and different parties are involved. (ECF No. 65 at 2, 5). He alleges that, in the state action, he raised claims of negligent failure to train, monitor, and supervise its employees against the South Carolina Department of Corrections ("SCDC"). *Id.* at 3. Moreover, he argues that the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et. seq., prevented him from suing the employees and required that he sue the agency for whom they worked. *Id.* at 4.

A plaintiff should not be allowed to "bring piece-meal litigation by n

4

aming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Jeng*, 86 F.3d 1148 (4th Cir. 1996) (affirming award of summary judgment based on collateral estoppel and res judicata ). In this case, it is clear that Plaintiff could have raised his § 1983 claims in his state court action because there is concurrent jurisdiction for such claims in both state and federal court. *Felder v. Casey*, 487 U.S. 131, 139 (1988) (finding that state courts possess concurrent jurisdiction over § 1983 litigation); *Maine v. Thiboutot*, 448 U.S. 1, 3 n.1 (1980). He chose not to do so, but as Plaintiff acknowledges, the current action is clearly based on the same transaction or occurrence as the facts in both the state complaint and the federal one are the same. Moreover, while Plaintiff brought the state action pursuant to the South Carolina Tort Claims Act, and he now brings claims pursuant to 1983, the identity of the subject matter "rests not in their forms of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief." *James v. Wright*, No. 1:13-1438-TMC, 2014 WL 2612487, at *4 (D.S.C. June 9, 2014) (citing *Plum Creek Dev. Co., Inc. v. City of Conway*, 512 S.E.2d 106, 109-110 (S.C. 1999)). Additionally, Plaintiff's reliance on *vonRosenburg* is misplaced as that case involved the application of the doctrine of abstention and not res judicata or collateral estoppel.[3]

As for Plaintiff's contentions that the state court erred in any way, federal district courts lack the authority to review final determinations of state courts. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476. Any such review can only be conducted by the United States Supreme Court pursuant to 28 U.S.C. § 1257. *Id.* If Plaintiff wanted to contest the disposition of

---

[3]As a general rule, "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340 (4th Cir. 2002). Abstention from the exercise of federal jurisdiction may be appropriate when there are on-going parallel proceedings in state and federal courts. Here, however, there is not a pending state action. Therefore, abstention is inapplicable.

his state court lawsuit past the state circuit court level, his remedy was to appeal any final order of the circuit court to the appropriate state appellate court. He cannot, however, seek review of the state circuit court's order through the filing of a lawsuit in federal court. Plaintiff also contends that the magistrate judge erred in failing to apply equitable estoppel to bar the application of collateral estoppel. The court finds no legal or factual foundation in the record for applying equitable estoppel to bar the application of collateral estoppel. Finally, Plaintiff contends the magistrate judge erred in failing to address the remaining issues after he had determined this action was barred by collateral estoppel. The magistrate judge was not required to address the remaining issues once he determined that Plaintiff's claims are barred by collateral estoppel.

Plaintiff also filed a motion pursuant to Fed. R. Civ. P. 60 seeking relief from the court's prior order denying without prejudice Defendants' summary judgment motion and allowing Defendants to amend their answer to assert collateral estoppel (ECF No. 50). (ECF No.73). Plaintiff contends that Defendants perjured themselves in the affidavits that they filed to support their motion to amend their answer. (ECF No. 73 at 2). He contends they made false statements to commit a fraud upon the court. *Id*.

Plaintiff does not specify which subsection of Rule 60 is applicable. Rule 60 addresses two types of fraud claims. Rule 60(b)(3) provides that the court may grant relief from an order or judgment because of fraud committed by the opposing party. A motion for relief on this ground must be made within a reasonable time and no later than one year of final judgment. *See* Fed. R. Civ. P. 60(c)(1). A moving party must establish three factors to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully and

6

fairly presenting its case. *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F, 2s 68, 71 (4th Cir. 1981).

Additionally, Rule 60(d)(3) provides that a court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60 m(d)(3). The one-year time limit does not apply to fraud under Rule 60 (d)(3). *Outen v. Balt. Cnty.*, 177 F.R.D. 346, 348 (D. Md. 1998). However, "[f]raud on the court is not your 'garden-variety fraud.'" *Fox ex rel. Fox v. Elk Run Coal Co.,* 739 F.3d 131, 135 (4th Cir. 2014). Rather, "fraud on the court" is construed very narrowly, and "is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982). "By contrast, perjury and fabricated evidence alone, being evils which can be exposed by the normal adversary process, do not constitute grounds for relief as 'fraud on the court.'" *Rainwater v. Mallas*, No. 94-1122, 1994 WL 712570, at *2 (4th Cir. Dec. 23, 1994) (per curiam) (*citing Great Coastal Express*, 675 F.2d at 1357); *see also In re Genesys Data Techs., Inc.*, 204 F.3d 124, 130-31 (4th Cir. 2000).

Plaintiff's allegations do not satisfy the demanding standard for setting aside an order for fraud on the court under Rule 60 (d)(3). At best, Plaintiff's is raising a Rule 60(b)(3) fraud between the parties. However, Plaintiff has not shown by clear and convincing evidence that Defendants committed any misconduct or that the Defendants' alleged misconduct prevented him from fully and fairly presenting his case. Importantly, the court notes that Plaintiff did not file any opposition to Defendants' motion to amend their answer or their supporting affidavits. Therefore, the court denies Plaintiff's motion for relief from the court's prior order.

7

Accordingly, based on the foregoing, the court adopts the report and recommendation (ECF No. 69) and Defendants' Amended Summary Judgment Motion (ECF No. 58) is **GRANTED**. Additionally, Plaintiff's motions opposing the defense of collateral estoppel (ECF No. 59), and for relief from an order (ECF No. 73) are **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

February 26, 2018
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.